Bay, J.
I agree with my brother Trezevant, in his opinion.
Johnson, J.
In this case, I feel myself precluded from a general view of the subject, by the decision in the case of Neal v. Lewis, in Charleston ; in which it was expressly decided, that on a general verdict in slander, the plaintiff shall have judgment, although one count was avowedly bad : and the case of Onslow and Horne, declared not to be law.
Grimke, J.
There are two or three counts in the declaration, some of which are actionable, and some not: the verdict of the jury is a general one, without discriminating on which count they found. The case of Neal v. Lewis, argued some time ago in Charleston, has settled this point. The court there refused to arrest the judgment on the grounds here stated. ‘ I, therefore, consi-' der myself bound by that decision.
Brevard, J.,
having been of counsel for the defendant, expressed! no opinion.
Motion refused.
Note. In the case of Eddowes and another v. Iiopldns and another, Doug. 376, this distinction was laid down By Boller, J. If there is only evidence at the trial, upon such of the counts as are good and consistent, a general verdict may be altered from the notes of the judge, and entered only on those counts: but if there is any evidence that applies to the bad or inconsistent counts, then the postea cannot be amended. Lord Mansfield, in a subsequent case, said that he exceedingly lamented, that ever so inconvenient and ill founded a rule should have been established, as that where there are several counts and entire damages, and One count is bad, and the others not, this should be fatal; upon the fictitious reasoning, that the jury have assessed damages on all, although they, in truth, never thought of the different counts. Grant v. Astle, Doug. 722. What makes the rule more absurd, is, that it does not hold in the case of criminal prosecutions. Seel Salk. 384.